IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EYERCE POSTON a/k/a EYERCE ARMSTRONG and AVEE POSTON, JR., | § § § § | No. 579, 2018 |
| Defendants Below, Appellants, | § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § | C.A. No. N16L-07-149 |
| DEUTSCHE BANK TRUST COMPANY AMERICAS as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates Series, 2006-QS5, | § § § § § § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: November 21, 2018
Decided: December 18, 2018

Before **VALIHURA**, **SEITZ**, **TRAYNOR**, Justices.

## <u>**ORDER**</u>

Having considered the notice of appeal from an interlocutory order under Supreme Court Rule 42, it appears to the Court that:

(1) This interlocutory appeal arises from a Superior Court order, dated October 22, 2018, granting a motion to strike a jury demand. On November 1, 2018, the defendants below-appellants, Eyerce Poston and Avee Poston, Jr., filed an application for certification to take an interlocutory appeal. They argued, among

other things, that the order determined a substantial issue—their right to a jury a jury trial under the Delaware Constitution—and that there were conflicting Superior Court decisions regarding whether a defendant in a *scire facias sur* mortgage action has a right to a jury trial. The plaintiff below-appellee, Deutsche Bank Trust Company Americas, opposed the application.

(2) The Superior Court denied the application, holding that the order was consistent with other Superior Court decisions on the issue of whether there is a constitutional right to a jury trial in foreclosure actions, that recent Superior Court decisions were not conflicting, and that, with trial scheduled for January 2019, an interlocutory appeal would further delay resolution of the matter.

(3) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[1] In the exercise of our discretion, we have concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b) and should be refused. This case is not exceptional,[2] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[3]

---

[1] Supr. Ct. R. 42(d)(v).
[2] Supr. Ct. R. 42(b)(ii).
[3] Supr. Ct. R. 42(b)(iii).

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:


*/s/ Gary F. Traynor*
 Justice